By the Court—Woodruff, J.
The Referee finds in this case that down to and prior to the 7th of October, 1854, the defendant was employed by one Edward Oliver as an insurance agent, and that in that character he effected marine insurances in various companies on ships and vessels of the said Oliver.
That on the 7th of October, 1854, the said Oliver assigned all his estate (including the policies for the said insurances, and all moneys due or to become due thereon,) to the plaintiffs for the benefit of his creditors.
That the defendant was immediately notified of the assignment, and the plaintiffs entered upon the execution thereof, and they continued to employ him in receiving and collecting the sums payable by virtue of the said insurances, and also in effecting further insurances on the ships and vessels assigned, and that the defendant undertook to do this, and to account to them for the proceeds.
That prior to September 9th, 1856, the defendant had been repaid all his advances made to Oliver prior to such assignment, *325 and all his advances made in his said employment by the plaintiffs, and on that day rendered them an account, showing a balance due to the plaintiffs of $4,669.25, over and above all charges.
That subsequently and prior to the commencement of this suit, he had made farther collections on the said policies of insurance to the amount of $8,114.90, over and above all charges and commissions.
That after the commencement of this suit and before the accounting had before the Referee, the defendant had made further collections on the said policies to the amount of $2,551.18.
These sums, with interest, the Referee reported due to the plaintiffs, and for the amount so found due, the judgment was entered from which the appeal was taken.
It is not insisted that the facts so found are not warranted by the evidence. If such claim were made, we should be constrained to say that in our judgment the proofs fully sustain the findings of the Referee in these respects.
Two main objections are urged to the recovery upon the facts proved: First, that the assignment by Edward Oliver was fraudulent and void by reason of provisions which, on its face, render it illegal; and second, that the plaintiffs cannot recover in this action for moneys collected after the action was commenced.
1. The complaint alleges the dealings between Oliver and the defendant. The assignment by Oliver; the continued employment of the defendant, Leary, by the plaintiffs; his receipt of moneys and his rendering the accounts on the 9th of September, 1856, showing the balance due to the plaintiffs of $4,669.25; his continued possession of the policies of insurance; further collections thereon; his refusal to render an account thereof; the plaintiffs demand of the outstanding policies, &c. And the. complaint prays an account of all his acts and of all moneys received, and that he pay over all moneys due, and give up the policies of insurance, with the proofs, vouchers and documents relating thereto.
The answer simply denies that Oliver assigned to the plaintiffs, or that the plaintiffs continued to employ him, but admits that *326 he continued to make collections till he had repaid himself the moneys he had expended for Oliver prior to October 7, 1854.
The defendant also admits that he rendered the account of September 9, 1856, which was an account of certain collections of money: that, by the account, it nominally appeared that the sum stated as the balance thereof, $4,669.25, was due by the defendant, but alleges that that sum was not in reality due, because it did not embrace all the open and unsettled transactions between him and Oliver. That, prior to October 7, 1854, the defendant had remitted to Oliver a draft for £4,132 5s. 5d. sterling, which was without consideration, and was a loan to Oliver, which draft Oliver and the parties having the management of his estate after his failure, and notwithstanding notice from the defendant prohibiting the same, negotiated and received the amount thereof, and parties claiming to be holders thereof for value are now prosecuting a suit thereon against the defendant.
The defendant, also, by an amendment, called a further answer, set up that Edward Oliver, on the 7th of October, 1854, was indebted to the defendant for moneys paid out, &c., in $100,000, which has not been paid.
Taking the facts found by the Referee to be true, here is an endeavor by an agent, who has been paid in full all claims due to him by his principal, accepting employment by the assignees of such principal, continuing to manage the business as their agent and collecting moneys, but, when called to account, alleging that the assignment is void as against the creditors of the assignor, (for it is this only which is claimed of the assignment in question,) and refusing, on that ground, to account to his actual employers, or to pay over moneys received by their direction.
This, we think, he cannot do. It is his business to pay over the moneys he has received, and it will be the plaintiffs’ duty to answer, if any creditor of Edward Oliver should impeach the assignment, for the property which comes to their hands, whether through the agency of this defendant or otherwise.
So that we do not deem it necessary to discuss the question whether the assignment is, or is not, valid as against the creditors of Edward Oliver. Under the English statutes referred to, we incline to think it is perfectly valid and binding; and, if so, then the whole pretense is groundless.
*327 The assignment was clearly valid as between the parties to it. The assignor is bound thereby: his agent cannot impeach it.
It is not denied in the answer that the defendant had actually received all the moneys which appear by the account rendered September 9, 1856, to have been received by him. The answer admits that he had collected and paid himself all moneys which he had expended for Edward Oliver prior to the assignment, and all moneys which he had been obliged to pay on account of liabilities incurred for Oliver prior to such assignment.
2. As to the second objection above mentioned, it must suffice to say, that this is an action not merely to recover a sum of money alleged to be due to the plaintiffs, but it is brought for an accounting and settlement between principals and their agent. It seeks not only the payment to them of such moneys as have been collected, but also the surrender of the securities in his hands.
On the taking of the account it was in all respects proper to ascertain not only what the balance was when the action was commenced, but also to ascertain what securities the defendant held, which he should be adjudged to deliver to the plaintiffs.
The defendant in such a suit could not defeat the plaintiffs of their title to relief, nor deprive them of any part of such relief, nor drive them to a new action, by converting the securities or any part of them into money, by collecting them or otherwise, while the action is pending. If on the accounting it appeared that he had done so, he was bound to account for the money and pay it over in lieu of the securities which he would have been bound to surrender if he had not collected them.
The parties did not, it is true, in the form of proceeding in this action, follow the former practice in Chancery by bringing the cause to a hearing on the question, whether the defendant was liable to account, and on a decree for an accounting go to a Master or Referee to have the account taken. They mutually consented to refer the whole of the issues to a Referee, in the first instance, and it was proper that he should, if he found the defendant liable to account, proceed with the accounting as he did without objection.
3. It is insisted that the Referee should have received proof of the transactions between Oliver and the defendant, subsequent *328 to the assignment to the plaintiffs, October 7, 1854, ana charged to the plaintiffs what was due to the defendant from Oliver.
The views above expressed in relation to the effect of the assignment to the plaintiffs, dispose of this objection. The judgment record offered in evidence by the defendant, showed on its face that it was recovered for an indebtedness arising out of transactions, subsequent to the assignment, and between April, 1855, and December, 1857, and in a suit not commenced until one year after this action was brought.
4. We have examined the exceptions taken to the rulings of the Referee on the trial, admitting or rejecting evidence. We think none of them well taken. Some of them are in effect disposed of by what has already been said. Of the others we think extended notice is not here necessary.
Two or three of them perhaps require that we should say, that the offer of the defendant to show that in the account rendered September, 9, 1856, credit is given for certain notes as cash, which notes have not been paid, was an offer to contradict the admission in the defendant’s answer, and was properly rejected on that ground if on no other. That answer expressly admitted it to be an account of moneys collected, and assigned only specific reasons for alleging that the balance thereby appearing was not due, and no such ground was intimated as the defendant now offered to prove. Uor was it suggested that there was any error or mistake therein, but only that there were other transactions not embraced therein.
The short answer to the claim of the defendant that the question put to the witness Foster, should have been allowed is this: The question assumed that the witness had testified, that he had made a demand on Foster for the policies of insurance and documents. He had not so testified, but on another ground it was not admissible, it was an endeavor to make the defendant’s own declarations evidence in his own favor. This he could not do unless the plaintiff had given evidence of a part of the conversation, and so raised some presumption which the reply would explain or rebut, or render the whole conversation admissible by proving a part. Here the plaintiff had proved no such demand as the question assumed.
*329 The other exception, is to the ruling of the Referee, permitting the plaintiffs to produce and surrender the defendant a bill of exchange for £4,132 5s. 5d, which was we think plainly correct. If that bill was, as the defendant alleged in his answer, an accommodation bill without consideration, then it being produced in the plaintiffs’ hands unpaid, and the surrender thereof left the account between the parties in the same state as if it had never been drawn. If it was a bill valid in the plaintiffs’ hands, upon sufficient consideration, then both that and the balance of account were due. No proof as to the consideration was given by the defendant. Thejpnmct facie import of the bill was, that that sum was due to Edward Oliver from the defendant, or was received by the defendant from Oliver, when the bill was drawn. In respect to this, no error was committed by the Referee of which the defendant can complain.
The judgment should be affirmed.
Judgment affirmed.